CV 13 - 0468

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

ZAKEYA FRASIER, DEBBIE PENDER and
DANYELL MYERS,

                              Plaintiffs,

              -against-

CITY OF NEW YORK; Police Officer DANIEL CHIN,
(Shield No. 5168); Sergeant TANIA SANCHEZ, (Shield
No. 2086); and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                              Defendants.

--------------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

ECF Case

Plaintiffs, ZAKEYA FRASIER, DEBBIE PENDER and DANYELL MYERS by their

attorney, Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

### NATURE OF THE ACTION

1.    Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil

rights, by defendants THE CITY OF NEW YORK, Police Officer DANIEL CHIN, Police

Sergeant TANIA SANCHEZ, and P.O.s "JOHN and JANE DOE" #1-10 ("Does"), as said rights

are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and

1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), I that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs demand a trial by jury in this action.

## PARTIES

6.      Plaintiffs Zakeya Frasier, Debbie Pender, and Danyell Myers ("plaintiffs") are African-American females and were, at all relevant times, residents of Kings County in the City and State of New York.

7.      Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

8.      Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Police Officer Daniel Chin, Shield No. 5168 ("Chin"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Chin is sued in his individual and official capacities.

10.     Defendant Police Sergeant Tania Sanchez, Shield No. 2086 ("Sanchez"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Sanchez is sued in her individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times hereinafter mentioned, the Municipal Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13.     Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

14.     Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

15.     At approximately 5:30 p.m. on June 1, 2011, plaintiffs were lawfully in the vicinity of 397 Franklyn Ave., Brooklyn, NY.

16.     Plaintiffs Debbie Pender and Danyell Myers resided at 397 Franklin Ave., and Plaintiff Frasier was visiting them.

17.     Plaintiffs Pender and Myers were sitting on the stoop outside of their residence, and Plaintiff Frasier was standing nearby.

18.     Plaintiffs were discussing the recent death of a mutual friend when several NYPD officers, including defendants Chin and Sanchez, approached them.

19.     The officers told plaintiffs that they had to go home.

20.     Plaintiffs Myers and Pender explained that they lived at that residence and Frasier was visiting them.

21.     Plaintiff Myers even showed the officers that her keys opened the residence's door.

22.     Undeterred, the officers, including Chin and Sanchez, arrested Plaintiffs Frasier, Myers and Pender despite the fact that they had no probable cause to believe that plaintiffs had committed any crimes or offenses.

23.     Plaintiffs were searched, handcuffed and transported to the 77th precinct.

24.     At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs commit crimes and offenses.

25.     At no point did the officers observe plaintiffs commit any crimes and/or offenses.

26.     At the precinct plaintiffs were put in a filthy cell that was infested with bugs, and as a result they were bitten repeatedly.

27.     When plaintiffs informed the officers that the cell was infested with bugs and that they were being bitten, the officers laughed at plaintiffs and taunted them.

28.     From the precinct, plaintiffs were transported to Brooklyn Central Booking.

29.     Plaintiffs were subsequently arraigned in Kings County Criminal Court, where Plaintiff Myers' criminal charges were adjourned in contemplation of dismissal.

30.     After spending approximately seventy-two (72) hours in custody, plaintiffs were released.

31.     After several court appearances, plaintiffs Frasier and Pender's criminal charges were adjourned in contemplation of dismissal.

32.    Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations

## FIRST CLAIM
### 42 U.S.C. § 1983  Federal Civil Rights Violations

33.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

35.    All of the aforementioned acts deprived plaintiffs Frasier, Pender, and Myers of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

37.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and  rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

38.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
### Unlawful Stop and Search

39.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

41.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

42.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause, privilege or consent.

44.    As a direct and proximate result of this unlawful conduct, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Abuse of Process

45.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46.    The individual defendants issued legal process to place plaintiffs under arrest.

47.    The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process.

48.     The individual defendants acted with intent to do harm to plaintiffs without excuse or justification.

49.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights, in addition to the damages hereinbefore alleged.

## FIFTH CLAIM
### First Amendment Retaliation

50.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51.     By their conduct, as described herein, and acting under color of state law to deprive the plaintiffs of their right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiffs' First Amendment rights to speech by unlawfully denying their right to speak freely by subjecting them to false arrest to deter the exercise of their First Amendment rights. Defendants' actions were taken in retaliation for plaintiffs exercising their First Amendment rights.

52.     As a consequence of the individual defendants' actions, plaintiffs have suffered violations of their First and Fourteenth Amendment rights to free speech. Plaintiffs fear and apprehension that they will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing their First Amendment-protected activities.

53. As a direct and proximate result of the individual defendants' unlawful actions, plaintiffs have suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation, in addition to the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure to Intervene

54. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

55. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

56. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

57. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM FOR RELIEF
### Municipal Liability

58. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

59. Defendants arrested and incarcerated plaintiffs in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

60.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

61.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

63.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

65.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were each incarcerated unlawfully for seventy-two (72) hours.

66.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

67.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

68.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to:

a)    Wrongfully stopping and detaining African-American individuals based on racial profiling, as documented in the Civilian Complaint Review Board's June 2001 study, entitled "Street Stop Encounter Report: An Analysis of CCRB Complaints Resulting From the New York Police Department's 'Stop & Frisk' Practices."

b)    Wrongfully stopping and detaining African-American individuals based on racial profiling, as documented in the Office of the Attorney General of the State of New York, Civil Rights Bureau's December 1, 1999 report entitled "New York City Police Department's 'Stop & Frisk'" Practices: A Report to the People of the State of New York from the Office of the Attorney General."

69.    All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from seizure and arrest not based upon probable cause;

C.    Not to have cruel and unusual punishment imposed upon them; and

E.    To receive equal protection under the law.

70.    As a result of the foregoing, plaintiffs are entitled to compensatory damages and further entitled to punitive damages against the individual defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:        January 22, 2012

New York, New York


Katherine E. Smith
The Law Office of Katherine E. Smith
495 Henry Street, #159
Brooklyn, New York 11231
(347) 470-3707
ksmith@legalsmithny.com

*Attorney for Plaintiffs*